UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRIAN WATTS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:12-CV-137 |
| | ) |
| INDIANA STATE POLICE OFFICER | ) |
| ROD SCHUH and SERGEANT RYAN LEBO, | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court[1] on the motions *in limine* filed by Plaintiff Brian Watts (Docket # 78) and Defendants Indiana State Police Officer Rod Schuh and Sergeant Ryan Lebo (Docket # 76).[2] For the following reasons, Watts's motion *in limine* will be GRANTED, and Defendants' motion *in limine* will be GRANTED IN PART and DENIED IN PART.

## I. FACTUAL AND PROCEDURAL HISTORY

Watts is suing the Defendants under 42 U.S.C. § 1983. On May 6, 2010, Defendants arrested Watts at his home on warrants for old, unpaid traffic citations. Watts claims that during his detention and arrest, Defendants handcuffed him too tightly and then ignored his request to loosen the cuffs, causing him pain and injury. After the arrest, Defendants transported Watts to the Kosciusko County Jail, where he was released shortly thereafter. Watts contends that the Defendants' use of overly tight handcuffs constituted excessive force in violation of the Fourth

---

[1] Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting. (Docket # 30.)

[2] Defendants' motion is fully briefed. (Docket # 82, 84.) Defendants filed a response to Watts's motion (Docket # 83), but Watts did not file a reply and the time to do so has now passed.

Amendment of the United States Constitution. Defendants deny that Watts ever complained to them or within their hearing that the handcuffs were too tight.

## II. NATURE OF AN ORDER *IN LIMINE*

"A motion *in limine* is a request for guidance by the court regarding an evidentiary question." *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999) (Coffey, J., concurring in part and dissenting in part) (citation omitted); *see also Empire Bucket, Inc. v. Contractors Cargo Co.*, 739 F.3d 1068, 1071 n.3 (7th Cir. 2014). "Federal district courts have the power to exclude evidence *in limine* pursuant to their authority to manage trials." *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (citation omitted).

"[A]s the term 'in limine' suggests, a court's decision on such evidence is preliminary in nature and subject to change." *Id.* (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)); *see Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 565 (7th Cir. 2006) ("[T]he district court may adjust a motion in limine during the course of a trial."). In fact, the Seventh Circuit Court of Appeals has specifically noted that "[a] ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer." *Connelly*, 874 F.2d at 416 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Thus, a ruling on a motion *in limine* is not a final ruling on the admissibility of the evidence that is the subject of the motion; rather, an order on a motion *in limine* is essentially an advisory opinion, "merely speculative in effect." *Wilson*, 182 F.3d at 570-71 (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)); *see Empire Bucket*, 739 F.3d at 1071 n.3 ("The district court retains the power to make evidentiary rulings throughout the trial. Indeed, a district court

2

may even adjust its disposition of a motion *in limine* during the course of a trial.").

### III.  WATTS'S MOTION *IN LIMINE*

#### A.  *Unopposed Portions of Watts's Motion* in Limine *(Nos. 2-5)*

Defendants do not object to Watts's efforts to preclude references or allusions to attorney fees; settlement negotiations; tax considerations; or "send a message" arguments in opening or closing statements.  As such, Watts's motion is GRANTED as to these matters.

#### B.  *Narrative Reports of Officer Schuh, Sergeant Lebo,*<br>*and Other Law Enforcement or Jail Officers (No. 1)*

Watts seeks to bar any narrative reports (referred to by Defendants as "case reports" and "supplemental case reports") by Officer Schuh, Sergeant Lebo, and other law enforcement or jail officers who may testify, claiming they are biased, prejudicial, and constitute inadmissible hearsay.  In response, Defendants state that they do not intend to offer any case reports as substantive proof in their case-in-chief.  They clarify, however, that if Watts claims at trial that they recently fabricated their testimony, they would seek to admit the reports in rebuttal under Federal Rule of Evidence 801(d)(1)(B).

Accordingly, Watts's motion in limine to bar any narrative reports by law enforcement or jail officers is GRANTED.  In the event Watts raises an accusation, either express or implied, that Defendants recently fabricated their testimony, the Court will then address the applicability of Rule 801(d)(1)(B) to the reports.

### IV.  DEFENDANTS' MOTION *IN LIMINE*

#### A.  *Unopposed Portions of Defendants' Motion* in Limine *(Nos. 3-5, 7)*

Watts does not object to Defendants' efforts to preclude references or allusions to settlement negotiations, the procedural history of this case, that the State of Indiana will likely be

paying for any judgment against state employees, and Watts's medical records. As such, Defendants' motion is GRANTED as to these matters.

*B. Any Claim that Watts's Arrest Caused Medical or Psychological Problems (Nos. 1, 2)*

Defendants seek to prevent lay testimony from Watts, his wife, or any health care providers that the May 6, 2010, incident caused him medical or psychological problems.[3]

Under Federal Rule of Evidence 701, a lay witness is limited to testifying about his "own perceptions, including the physical and emotional effects of the defendants' alleged conduct." *Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 821 (N.D. Ill. 2010). "[T]he plaintiff may rely on lay testimony when causation is within the understanding of a lay person." *McAllister v. Price*, 615 F.3d 877, 882 (7th Cir. 2010) (finding that plaintiff's testimony about his subjective symptoms corroborated his claim that he was injured by the officer's take-down, not earlier car accidents); *see Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009) ("No expert testimony is required to assist jurors in determining the cause of injuries that are within their common experiences or observations."). A lay witness "cannot, however, offer medical opinions that require scientific, technical, or other specialized knowledge . . . ." *Christmas*, 691 F. Supp. 2d at 821 (citing Fed. R. Evid. 701).

Defendants concede that Watts may testify about his medical and emotional health both before and after the incident because this testimony would be based on his own perceptions. *See Hendrickson*, 589 F.3d at 893 (allowing plaintiff to describe pain resulting from attack where there is "no . . . complicated question of medical causation"); *United States v. Cravens,* 275 F.3d

---

[3] Watts never disclosed any expert witnesses under Federal Rule of Civil Procedure 26(a)(2), and the time to do so has since passed. *See* Fed. R. Civ. P. 26(a)(2)(D). Therefore, that avenue is closed to him. Moreover, Watts has not listed any healthcare provider as a witness on the pretrial order (Docket # 67, 69) or his witness list (Docket # 75), and thus, is precluded from now calling them, even as lay witnesses.

637, 640 (7th Cir. 2001) (allowing lay opinion testimony to establish existence of drug or alcohol problem); *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1196-98 (3d. Cir. 1995) (recognizing lay testimony about health as "quintessential Rule 701 opinion testimony"); *Holleman v. Duckworth*, 700 F.2d 391, 395 (7th Cir. 1983) (permitting plaintiff's testimony about his own medical symptoms); *Starks-Harris v. Taylor*, No. 1:08-cv-176, 2009 WL 2970382, at *4 (N.D. Ind. Sept. 11, 2009) (allowing plaintiff to testify about "how she personally felt, physically and mentally" because such testimony "is rationally based on her own perception"). In doing so, Watts "can only lay the groundwork for the jury to infer" that his symptoms were caused by Defendants' conduct. *Macon v. City of Fort Wayne*, No. 1:11-cv-119, 2012 WL 3745375, at *8 (N.D. Ind. Aug. 28, 2012).

For these same reasons, Watts's wife, who witnessed the incident and presumably lived with Watts, may testify about his medical and emotional health before and after the incident. That is, she may testify about what she observed (for example, her perception, if any, of Watts's moodiness before and after the incident), but not its causation. And contrary to Defendants' urging, the Court will not, at this juncture, preclude Watts's wife from testifying about everything Watts told her pertaining to his health. Although her testimony would presumably be hearsay, it could fall within the hearsay exceptions for present-sense impression, Fed. R. Evid. 803(1), or then-existing mental, emotional, or physical condition, Fed. R. Evid. 803(3).[4] Without having a specific example of her testimony, however, the Court cannot make that determination.

Accordingly, Defendants' motion *in limine* is GRANTED with respect to evidence or

---

[4] The first is "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). The second is "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed . . . ." Fed. R. Evid. 803(3).

5

testimony addressing the cause of Watts's alleged health conditions, but is otherwise DENIED.

*C. That the Warrants Were Invalid, Expired, or Not Based on Probable Cause;
or That Plaintiff Claims to Have Paid the Fines in Those Cases Prior to His Arrest (No. 6)*

Defendants seek to prevent any reference or claim that the warrants served in this case were invalid, expired, or not based on probable cause; or that Watts claims to have paid the fines in those cases prior to his arrest on May 6, 2010.

The only claim Watts will advance at trial is that Defendants used excessive force during his arrest and detention by applying overly-tight handcuffs. Watts's false arrest claim has been dismissed (Docket # 65), and he did not advance a malicious prosecution claim (Docket # 1). Therefore, "[t]he only issue in dispute is whether, in light of the facts and circumstances known to them at the time, [Defendants'] use of force against [Watts] was objectively reasonable." *Ward v. Tinsley*, No. 1:10-cv-329, 2011 WL 6151602, at *2 (N.D. Ind. Dec. 12, 2011) (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Sallenger v. Oakes*, 473 F.3d 731, 742 (7th Cir. 2007)).

If testimony concerning probable cause were allowed, a significant risk is created that the jury could confuse its duty to gauge the reasonableness of Defendants' use of force during the arrest–in this instance, the tightness of the handcuffs–with whether Defendants actually had probable cause for the arrest. *See, e.g.*, *id.* (explaining that significant prejudice or confusion would arise if the jury sought to retroactively gauge the reasonableness of the officers' use of force against the knowledge that criminal charges were later lodged by the prosecuting attorney). This would lead to limiting instructions and the waste of judicial resources. *See, e.g.*, *Soller v. Moore*, 84 F.3d 964, 968 (7th Cir. 1996) (recognizing the need to prevent a "trial within a trial"). And Defendants would be compelled to respond concerning the validity of the warrants and probable cause, leading to a mere sideshow (i.e., a trial within a trial) with virtually no probative

value.  Applying Rule 403, the probative value of evidence that the warrants were invalid, expired, or were not based on probable cause is substantially outweighed by the danger of confusing the issues and wasting time.

Nonetheless, Watts's protest during his arrest that he had paid the fines on the old warrants is relevant to the circumstances facing Defendants when handcuffing Watts, and as such, perhaps to how tightly the cuffs were applied.[5] *See, e.g.*, *Jackson v. Webb*, No. 1:11-cv-09, 2012 WL 3204608, at *5 (N.D. Ind. Aug. 3, 2012) (admitting in-car video of officer's initial stop of plaintiff because it depicted the "totality of the circumstances"–including plaintiff's verbal resistance–to show what the officer faced approximately fifteen minutes before his alleged use of excessive force).

Moreover, Watts seeks punitive damages; thus, Defendants' intent or motive when handcuffing him is an issue in the case. *See Alexander v. City of Milwaukee*, 474 F.3d 437, 453 (7th Cir. 2007) ("[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983))); *Gonzalez v. City of Elgin*, No. 06 C 5321, 2010 WL 3306917, at *2 (N.D. Ill. Aug. 19, 2010) (explaining that although defendants' intent is not an element of an excessive force claim, it is relevant to punitive damages).  In short, a reasonable jury could possibly infer that Watts's protest of the arrest influenced Defendants' state of mind when applying or failing to loosen the handcuffs.

Accordingly, Defendants' motion *in limine* is GRANTED as to any reference or claim that

---

[5] To clarify, Watts may testify that at the time of his arrest he told Defendants he had paid the fines, but whether he actually did so is not admissible.

the warrants served in this case were invalid, expired, or were not based on probable cause; the motion *in limine* is otherwise DENIED.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's motion *in limine* (Docket # 78) is GRANTED, and Defendants' motion *in limine* (Docket # 76) is GRANTED IN PART and DENIED IN PART as set forth herein.  It is therefore ORDERED that counsel, those acting on behalf of the parties, and any witnesses shall not refer to the matters excluded pursuant to this Opinion and Order, either directly or indirectly, during voir dire, opening statements, interrogation of witnesses, objection, arguments, closing statements, or otherwise, without first obtaining permission of the Court outside the presence or hearing of the jury.  Counsel are further ORDERED to warn and caution each and every one of their witnesses to strictly follow these instructions.

SO ORDERED.

Enter for the 26th day of March, 2014.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
